**1200**

CASTLEWOOD INTERNATIONAL COR-
PORATION, a Florida Corporation,
Plaintiff-Appellant,

v.

G. William MILLER, as Secretary of the
Treasury of the United States, and Rex
Davis, as Director of the Bureau of Al-
cohol, Tobacco and Firearms, Defend-
ants-Appellees.

No. 75–4445.

United States Court of Appeals,
Fifth Circuit.

Oct. 1, 1980.

Tobias Simon, Elizabeth duFresne, Mi-
ami, Fla., for plaintiff-appellant.

Robert W. Rust, U.S. Atty., Patricia Jean
Kyle, Asst. U.S. Atty., Miami, Fla., Ronald
E. Williams, Atty., Dallas, Tex., Bradley A.
Buckles, Atty., Bureau of Alcohol, Tobacco
& Firearms, Washington, D.C., for defend-
ants-appellees.

ON REMAND FROM THE SUPREME
COURT OF THE UNITED STATES

Before THORNBERRY, GODBOLD and
FAY, Circuit Judges.

PER CURIAM:

On May 19, 1980, —— U.S. ——, 100
S.Ct. 2914, 66 L.Ed.2d 806 the Supreme
Court of the United States vacated our
opinion, 596 F.2d 638 (5th Cir. 1979), and
remanded this case to us for further consid-
eration in light of *California Retail Liquor
Dealers Assn. v. Midcal Aluminum Inc.,* 445
U.S. 97, 100 S.Ct. 937, 63 L.Ed.2d 233
(1980).

In discussing the difficulty involved in
balancing federal and state powers and in-
terests, the Supreme Court stated in *Midcal,*

These decisions demonstrate that there is
no bright line between federal and state
powers over liquor. The Twenty-first
Amendment grants the States virtually
complete control over whether to permit
importation or sale of liquor and how to
structure the liquor distribution system.
Although States retain substantial discre-
tion to establish other liquor regulations,
those controls may be subject to the fed-
eral commerce power in appropriate situ-

ations. The competing state and federal interests can be reconciled only after careful scrutiny of those concerns in a "concrete case." *Hostetter v. Idlewild Liquor Corp.*, 377 U.S. at 332, 84 S.Ct. at 1298, 12 L.Ed.2d 350.

—— U.S. at ——, 100 S.Ct. at 946.

In accord with the directions of the Supreme Court, we have reviewed this matter again. We conclude that no federal interests of sufficient magnitude exist in support of ATF Ruling 74–6 to outweigh the state interests as reflected in Florida Statute § 561.42(6). In other words, in balancing the conflicting state and federal interests under *Midcal*, we find the balance in favor of the state.

The panel opinion is reinstated and the holding of the district court REVERSED.